UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LEE HARPER, SR., <br><br> Petitioner, <br><br> v. <br><br> ROBERT FOX, <br><br> Respondent. | No. 1:16-cv-00312-DAD-EPG (HC) <br><br> <u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY</u> <br><br> (Doc. No. 26) |

Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

On February 27, 2019, the assigned magistrate judge issued findings and recommendations, recommending that the pending petition for writ of habeas corpus be denied on the merits. (Doc. No. 26.) The findings and recommendations were served on petitioner and contained notice that any objections thereto were to be filed within thirty days after service. (*Id.* at 28.) After the magistrate judge granted petitioner's two motions for extension of time, petitioner filed 17 pages of objections with additional exhibits thereto on June 3, 2019. (Doc. No. 33.)

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, including petitioner's objections, the court concludes that the findings and recommendations are supported by the record and proper analysis.

Petitioner asserts four claims in his petition for federal habeas relief filed with this court. (*See* Doc. No. 1 at 7–27.)   Specifically, in three of those claims petitioner argues that he was denied effective assistance by both his trial and appellate counsel:  (1) when his trial counsel advised petitioner to reject a favorable plea offer[1]; (2) when his appellate counsel failed to argue on appeal that petitioner had been denied effective assistance by his trial counsel in connection with the plea negotiation process; and (3) when his trial counsel failed to request an instruction requiring the jury at his trial to determine whether the prosecution had established a preliminary fact. (*Id.* at 7–8, 13–14.)  Finally, petitioner's fourth claim for relief challenges the trial court's dismissal of a juror for having had contact with a member of petitioner's family during the trial as erroneous and a violation of his Sixth and Fourteenth Amendment rights.  (Doc. No. 1 at 17–19.)

The assigned magistrate judge recommended that federal habeas relief be denied as to each of petitioner's ineffective assistance of counsel claims, concluding that the state court's rejection of these claims was not contrary to, or an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of fact.  (Doc. No. 26 at 12, 13, 19.)  The magistrate judge also recommended that federal habeas relief be denied as to petitioner's claim that his rights under the Sixth and Fourteenth Amendment were violated by the trial court's dismissal of a juror, concluding that the state court determination that the substitution of the juror did not prejudice petitioner was also not contrary to, or an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of fact. (Doc. No. 26 at 27.)

/////

---

[1] The circumstances under which this claim arises involved informal plea bargain discussions between petitioner's counsel and the prosecutor during petitioner's trial.  Those circumstances are discussed in detail in the pending findings and recommendations and will not be repeated here.

In his objections, petitioner does not meaningfully dispute the magistrate judge's finding that each of the four grounds for federal habeas relief he asserts fails on the merits. The pending findings and recommendations lay out the standards of review applicable to each of petitioner's four claims and explains why the pending petition falls short of satisfying the standards for the granting of federal habeas relief. The objections do not dispute the applicable legal standards but, instead, repeat arguments in support of the four claims for relief previously asserted by petitioner in his pending petition. (*See generally* Doc. No. 33.) For example, as to his ineffective assistance of counsel claims, petitioner argues in his objections that he is entitled to relief because his counsels' actions "fell below an objective standard of reasonableness" and, but for those actions, the result of the proceedings would have been different. (*Id.* at 2, 7, 9.) Petitioner supports these conclusory assertions merely with facts previously alleged in his petition which fail to establish his entitlement to federal habeas relief. (Doc. No. 26 at 7–19.) Petitioner's objections to the recommended denial of his fourth claim are similarly deficient. For example, petitioner simply reasserts that dismissal of Juror No. 7 was prejudicial to him, contrary to the determination by the state court, because "the juror favored the defense" and her removal was "the prosecutor's effort to load the jury with prosecution-oriented jurors." (Doc. No. 33 at 13–14.) This conclusory argument, however, is unsupported by the record of the state court proceedings which reflect a finding that there was "no evidence on the record demonstrating Juror No. 7 favored one side or the other." (Doc. No. 26 at 24.) Because petitioner's objections are unpersuasive and the analysis set forth in the pending findings and recommendations are supported by both the record and the law, the court will adopt the February 27, 2019 findings and recommendations in full.

Finally, the court declines to issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires that a district court issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional

right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In the present case, the court finds that reasonable jurists would not find the court's rejection of petitioner's claims to be debatable or conclude that the petition should proceed further. Thus, the court declines to issue a certificate of appealability.

For these reasons,

1. The findings and recommendations issued on February 27, 2019 (Doc. No. 26) are adopted in full;
2. The petition for writ of habeas corpus (Doc. No. 1) is denied;
3. The Clerk of the Court is directed to close the case; and
4. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **June 1, 2020**

_____
UNITED STATES DISTRICT JUDGE